ATTORNEY FOR APPELLANT
Bradley K. Mohler
Frankfort, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Aaron J. Spolarich
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Nov 07 2012, 10:26 am
CLERK
of the supreme court,
court of appeals and
tax court

No. 12S02-1211-CR-630

MICHAEL KUCHOLICK,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Clinton Circuit Court
No. 12C01-1003-FC-62
The Honorable Linley Pearson, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 12A02-1109-CR-907

**November 7, 2012**

**Per Curiam.**

After David Lawler obtained a $2,500 civil judgment against Michael Kucholick's girlfriend for unpaid rent, Kucholick drove by Lawler's rural home and fired two shots into the home.

Kucholick was charged with one count of criminal recklessness (a Class C felony), Ind. Code § 35-42-2-2, and one count of criminal mischief (a Class B misdemeanor), id. § 35-43-1-2. A jury found Kucholick guilty as charged, and the trial court sentenced Kucholick to an enhanced term of seven years for criminal recklessness (consisting of four years executed in the Department of Correction and three years suspended to probation) and six months for criminal mischief, to be served concurrently.

Kucholick appealed, arguing in part that the sentence imposed by the trial court was inappropriate in light of the nature of the offense and the character of the offender. *See* Appellate Rule 7(B). Citing that rule, in a divided opinion the Court of Appeals concluded that Kucholick had met his burden of establishing that his sentence was inappropriate. The majority held that Kucholick's sentence should be revised to an aggregate sentence of four years, consisting of two years executed in a community corrections program and two years suspended to probation. Kucholick v. State, No. 12A02-1109-CR-907, *slip op.* (Ind. Ct. App. June 8, 2012).

"The principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). Appellate Rule 7(B) preserves for the trial court the central role in sentencing. Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003).

We agree that a modest sentence revision is warranted in this case. In his separate opinion below, Judge Najam opined that the "nature of Kucholick's offense closely corresponds

to the elements of the crime," that "Kucholick's character [is] equivocal," and therefore that an advisory sentence of four years, all executed, would be appropriate.  Kucholick, *slip op.* at 10. We agree.  As applicable here, criminal recklessness entails recklessly, knowingly, or intentionally performing an act that creates a substantial risk of bodily injury to another, by shooting a firearm into an inhabited dwelling.  Kucholick's conduct corresponds to the elements of the offense.  As to Kucholick's character, he was not truthful with law enforcement in this case, and his trial had to be delayed when Kucholick arrived for court with alcohol in his system; on the other hand, he is relatively young, has no prior felony convictions, and has a newborn child to support.  In short, the nature of Kucholick's character is not particularly aggravating or mitigating on balance.

We grant transfer of jurisdiction and direct revision of Kucholick's aggregate sentence to an advisory term of four years, all executed.  The decision of the Court of Appeals is summarily affirmed in all other respects.  *See* Ind. Appellate Rule 58(A).

Rucker, David and Massa, JJ., concur.
Dickson, C.J., dissents, believing that, while it is correct to grant transfer, the judgment of the trial court should be affirmed.