**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



 FILED

Dec 31 2012, 11:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALBERT JACKSON COUNCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1206-CR-296 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1109-FB-39

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Albert Jackson Counce agreed to plead guilty to Class B felony robbery resulting in injury[1] in exchange for the State's dismissal of a count of Class D felony theft[2] and an allegation that he was an habitual offender.[3] The agreement left sentencing to the trial court's discretion, and the court sentenced Counce to twenty years, which is the maximum sentence for a Class B felony.[4] Counce appeals his sentence, arguing it is inappropriate in light of the nature of his offense and his character. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 2, 2011, police were called to the Hollywood Casino to investigate a robbery. T.M. had cashed out a little over a thousand dollars in winnings, placed the money in his pants pocket, and stopped to use the restroom before leaving the casino. When T.M. was at the urinal, a man pushed him into the urinal, causing an abrasion to T.M.'s forearm, reached into T.M.'s right front pants pocket, grabbed the cash, and ran. T.M. gave chase, but the man pushed him out of the way. When officers reviewed casino video, they identified Counce as the robber.

The State charged Counce with Class B felony robbery causing injury and Class D felony theft. Later the State alleged Counce was an habitual offender. Counce pled guilty to Class B felony robbery, in exchange for the State dismissing other charges. The court entered the following findings:

---

[1] Ind. Code § 35-42-5-1.
[2] Ind. Code § 35-43-4-2(a).
[3] Ind. Code § 35-50-2-8.
[4] *See* Ind. Code § 35-50-2-5 ("A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years.").

1.  The Defendant is at risk to commit another crime due to his prior criminal history and has recently violated conditions of parole. The Defendant's criminal history includes theft in 1989, armed robbery in the first degree in 1992, armed robbery in the second degree in 1992, burglary in 1993, and robbery in the first degree in 1997. The Defendant received a thirty year sentence and was on parole for the robbery in the first degree at the time this offense was committed. Further, the Defendant escaped from the Kansas City Community Release Center in 1995 and committed the robbery for which he was convicted in 1997 while he was an escapee. In addition, the Defendant had multiple violations while in custody in Missouri as outlined in the presentence investigation.
2.  The victim in this matter is over 65 years of age.
3.  The Defendant although voluntarily entering a plea of guilty did so in return for the State dismissing the Habitual Offender enhancement.
4.  The Defendant has expressed remorse, has shown an ability to follow jail rules at the Dearborn County Law Enforcement Center and has expressed a desire for assistance with substance abuse. However, the Court finds these circumstances are far outweighed by the Defendant's history contained herein and in the pre-sentence investigation.

Wherefore the Court finds that the Defendant is a grave risk for community safety and is a risk to commit another criminal offense due to prior history of convictions for crimes of violence towards innocent individuals and history of escape and the fact that this crime was committed while on parole and the victim is over 65 years of age. The Court finds the Defendant is in need of correctional treatment best provided by a penal facility.

(App. at 92-93.) The court then sentenced Counce to twenty years of incarceration, the maximum sentence possible for a Class B felony.

## DISCUSSION AND DECISION

Although Counce understands he "operates under a heavy burden," (Br. at Appellant at 3), he asks that we revise his sentence. We may revise a sentence authorized by statute "where it is inappropriate in light of the nature of the offense and the character of the offender." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (citing Ind. Appellate Rule

3

7(B)). Nevertheless, "Appellate Rule 7(B) preserves for the trial court the central role in sentencing." *Kucholick v. State*, 977 N.E.2d 351, 351 (Ind. 2012). Our question is not whether a different sentence would be more appropriate; rather the question is whether the sentence assigned is inappropriate. *Conley*, 972 N.E.2d at 876. "The principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Kucholick*, 977 N.E.2d at 351 (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The defendant has the burden to demonstrate to us that his sentence is inappropriate. *Conley*, 972 N.E.2d at 876.

1.     <u>Nature of the Offense</u>

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2001), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). As we noted above, the court pronounced a twenty-year sentence, which is the maximum sentence for a Class B felony. Counce argues T.M.'s injuries were not sufficient to support a maximum sentence. Although T.M.'s physical injuries were not serious, Counce has not provided authority suggesting that is not the only criterion by which we may evaluate the nature of an offense.

Counce attacked sixty-six year old T.M. in a restroom, as T.M. was using a urinal, which is a time when a man would be more vulnerable and unable to defend himself. T.M. reported he has been afraid since the robbery to enter a public restroom alone. Counce pushed T.M. into the urinal, which caused the injury to T.M.'s arm, and then took thirteen

4

hundred dollars from T.M.'s right front pocket. Counce knew T.M. had a large amount of money in that pocket because, security videos revealed, Counce had been following T.M. around the casino as he played, cashed out, and placed his money in his right front pocket. When T.M. chased after Counce and yelled that he had been robbed, Counce ran back toward T.M. and pushed him. While these facts do not compel imposition of a maximum sentence, neither do they suggest a maximum sentence is inappropriate.

      2.      <u>Character of the Offender</u>.

When considering the character of the offender, one relevant fact is criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*.

Counce has an extensive history of criminal activity similar in nature to the instant offense, including prior separate convictions for theft, burglary, and three counts of robbery. The robbery for which he was convicted in 1997 occurred after he escaped from the Kansas City Community Release Center, and he committed the instant offense while on parole from the thirty-year sentence imposed for that 1997 robbery.

Although Counce expressed remorse and was made a trustee at his current correctional facility, that does not mitigate his prior criminal history. Counce admits using cocaine for nearly thirty years on a nearly daily basis, when not incarcerated. He has not sought assistance for that drug problem, choosing instead to continue committing crimes to support his drug habit. That decision further demonstrates his disdain for the law. Counce's

character does not suggest a shorter sentence is appropriate.

## CONCLUSION

In light of his character and offense, we see nothing inappropriate about Counce's twenty-year sentence. Accordingly, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.

6